```
                     UNITED STATES DISTRICT COURT
                              FOR THE
                        DISTRICT OF VERMONT
```

United States of America        :
                                :
      v.                       :        File No. 1:04-CR-162
                                :
Kristopher Harriman             :

ORDER
(Doc. 38)

Defendant Kristopher Harriman has filed a *pro se* motion asking the Court to recalculate his credit for time served. Harriman claims that he was arrested on a federal warrant on November 16, 2004 and thereafter detained, but was only given credit for time served after May 17, 2005.  In April 2006, Harriman was sentenced to 100 months' imprisonment after pleading guilty to a firearms-related offense.

The government opposes the motion, arguing first that the Court has no jurisdiction to address Harriman's filing.  The government also contends that, if the Court were to reach the merits of the motion, the record indicates that Harriman was in the custody of the State of Maine on unrelated offenses through May 16, 2005, at which time he was taken into custody by the United States Marshals Service pursuant to a federal detainer in this case.

The Court agrees that jurisdiction is lacking.  In challenging his sentence calculation, Harriman is contesting the execution of the sentence.  This sort of challenge must be

brought in a petition for writ of habeas corpus under 28 U.S.C. § 2241.  Indeed, as the Second Circuit has explained, § 2241 is the proper vehicle for challenges "'including such matters as the administration of parole, *computation of a prisoner's sentence by prison officials*, prison disciplinary actions, prison transfers, type of detention and prison conditions.'"  Thompson v. Choinski, 525 F.3d 205, 210 (2d Cir. 2008) (quoting Jiminian v. Nash, 245 F.3d 144, 146 (2d Cir. 2001) and citing Chambers v. United States, 106 F.3d 472, 474-75 (2d Cir. 1997)) (emphasis supplied); Carmona v. United States Bureau of Prisons, 243 F.3d 629, 632 (2d Cir. 2001).

   Construing Harriman's filing as a § 2241 petition, the Court finds that it has been filed in the wrong judicial district.  Petitions filed under § 2241 must name the petitioner's warden as the respondent and be filed in the district of the petitioner's confinement.  28 U.S.C. § 2241(a); see Rumsfeld v. Padilla, 542 U.S. 426, 443 (2004) (observing that § 2241's general habeas provisions do not "permit a prisoner to file outside the district of confinement").  Harriman is currently incarcerated in Pennsylvania.  This Court is therefore without jurisdiction to hear his claim, and the motion (Doc. 42) is DISMISSED without prejudice.

   SO ORDERED.

Dated at Brattleboro, in the District of Vermont, this 16th day of September, 2010.

/s/ J. Garvan Murtha
Honorable J. Garvan Murtha
Senior United States District Judge